UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JULIAN C. HOLT,

        Petitioner,

v.                                                                      Case No. 18-cv-1305-pp

PAUL KEMPER,

        Respondent.

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO.1)
AND DISMISSING CASE**

---

On August 23, 2018, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 1994 conviction for first-degree intentional homicide in Kenosha County Circuit Court. Dkt. No. 1. He has paid the $5 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because the petitioner has not stated grounds for *habeas* relief, the court will dismiss his petition.

**I.    Background**

The petition asserts that on June 9, 1994, a jury convicted the petitioner of first-degree intentional homicide and use of a dangerous weapon. Dkt. No. 1 at 2. Two months later, the circuit judge sentenced the petitioner to a life sentence (presumably on the homicide charge) plus five years (presumably on the weapons possession charge) to run consecutively. Id. The petitioner

1

appealed, arguing that he was prejudiced by inappropriate statements the prosecutor made during closing arguments. Id. at 3. The Wisconsin Court of Appeals affirmed the conviction on March 27, 1996 and the petitioner did not petition the Wisconsin Supreme Court for review. Id.

Almost twenty years later, on February 17, 2016, the petitioner returned to Kenosha County Circuit Court and filed a state court petition for writ of *habeas corpus.* Id. at 4. His state court petition argued three grounds for relief: that the creation of Wis. Stat. §973.014(2) "violate[d] *ex post facto* law[;]"that his forty-year parole eligibility date violated the *ex post facto* clause; and that the Wisconsin legislature acted unconstitutionally in passing Wis. Stat. §973.014. Id. The circuit court denied that motion on July 12, 2016 and the Wisconsin Court of Appeals affirmed on June 21, 2017. Id. at 4-5. The petitioner asked for review in the Wisconsin Supreme Court, but that court denied his request on October 9, 2017. Dkt. No. 1 at 5-6.

**II.    Rule 4 Screening**

   A.    Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A federal court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief. At the screening stage, the court

2

expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner

3

prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

  B. The Petition

Under the "Grounds for Relief" section, the petitioner alleges that (1) the Kenosha County Circuit Court improperly denied his state *habeas* petition; (2) the Kenosha County Circuit Judge unconstitutionally imposed a parole eligibility minimum at forty years which violated the *ex post facto* clause by increasing the petitioner's punishment; (3) the Wisconsin legislature acted unconstitutionally in passing Wis. Stat. §973.014(1)(b); and (4) the petitioner is entitled to a sentence modification. Id. at 6-7.

All four of the petitioner's grounds for federal *habeas* relief arise from his belief that the sentencing judge's imposition of a forty-year minimum on the petitioner's eligibility for parole under Wis. Stat. §973.014(1)(b) violated the *ex post facto* clause of the Constitution. The petitioner argues that at the time the legislature passed Wis. Stat. §973.014, there already was a law in place that set parole eligibility minimum dates—Wis. Stat §57.06(1), "which was renumbered to Wis. Stat. § 304.06(1)." Dkt. No. 1 at 8. The plaintiff asserts that that statute—Wis. Stat. §304.06(1)—set the minimum parole eligibility at thirteen years four months, and argues that the "new" law—Wis. Stat. §973.014—"allowed judges to make increases as high as the judge desired, but prohibited the judge from lowering the minimum." Id. The plaintiff alleges that now, when an inmate is sentenced to a life term, some judges are setting "the minimum parole eligibility dates far beyond the inmates life expectancy to be

4

seen by the parole board for the first time." Id. The result, the plaintiff asserts, is that the inmate is denied any parole consideration. Id.

That statute provides:

> When a court sentences a person to life imprisonment for a crime committed on or after July 1, 1988, but before December 31, 1999, the court shall make a parole eligibility determination regarding the person and choose one of the following options:
>
> (a) The person is eligible for parole under § 304.06(1).
>
> (b) The person is eligible for parole on a date set by the court. Under this paragraph, the court may set any later date than that provided in s. 304.06(1), but may not set a date that occurs before the earliest possible parole eligibility date as calculated under s. 304.06(1).
>
> (c) The person is not eligible for parole. This paragraph applies only if the court sentences a person for a crime committed on or after August 31, 1995, but before December 31, 1999.

Wis. Stat. §973.014(1). The statute references Wis. Stat. §304.06(1), which says that "except as provided in . . . 973.014(1)(b) or (c)," the parole commission may parole a prisoner serving a life sentence when he or she has served twenty years. Wis. Stat. §304.06(b)(1). The petitioner asserts that Wis. Stat. §973.014 qualifies as an "*ex post facto* law" under both the United States and Wisconsin Constitutions because it allows sentencing judges to impose parole eligibility dates greater than the minimum parole eligibility dates provided for in Wis. Stat. §304.06(1) (and its predecessor, Wis. Stat. §57.06(1)). Dkt. No. 1 at 8.

"The Constitution prohibits both federal and state governments from enacting any '*ex post facto* Law.'" Peugh v. United States, 569 U.S. 530, 538 (2013) (citing Art. 1, §9, cl. 3; Art. 1, §10)). "The phrase '*ex post facto* law' was a term of art with an established meaning at the time of the framing." Id.

5

(quoting Collins v. Youngblood, 497 U.S. 37, 41 (1990)). Any law that "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed," violates the *ex post facto* clause. Id. (quoting Calder v. Bull, 3 Dall. 386, 390 (1798)). "[T]wo critical elements must be present for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." Weaver v. Graham, 450 U.S. 24, 29 (1981) (citing Lindsey v. Washington, 301 U.S. 397, 401 (1937)).

The plaintiff alleges that he was convicted on June 9, 1994 and sentenced on August 8, 1994. Dkt. No. 1 at 2. Wisconsin Statute §973.014(1) became effective on July 1, *1988*—six years *before* the plaintiff was convicted and sentenced. 1987 Wis. Act 412, §7. In the same bill, the Wisconsin legislature amended Wis. Stat. §57.06(1)(b)—now Wis. Stat. §304.06—to include the language "[e]xcept as provided in s. 973.014" as a preface to its twenty-year parole eligibility minimum. 1987 Wis. Act 412, §3. At the time the plaintiff was convicted and sentenced, then, Wis. Stat. §973.014 had been on the books for six years, and it governed the calculation of his minimum parole eligibility. As to the petitioner,Wis. Stat. §973.014 was not "retroactive"—it did not apply to events that occurred before its enactment, because the plaintiff's conviction and sentencing occurred *after* its enactment.

The four grounds in this federal *habeas* petition assume that Wis. Stat. §973.014 violated the *ex post facto* clause of the United States Constitution. It

6

does not, and the petitioner has stated no alternate grounds for federal *habeas* relief. The court will dismiss his petition.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists court debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner of that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 484 (2000). The court declines to issue a certificate of appealability, because no reasonable jurists could debate whether Wis. Stat. §973.014 as applied to the petitioner qualified as an unconstitutional *ex post facto* law.

### IV. Conclusion

The court **ORDERS** that the petitioner's petitioner for writ of *habeas corpus* is **DISMISSED.** Dkt. No. 1.

The court **DECLINES** to issue a certificate of appealability.

Dated in Milwaukee, Wisconsin this 16th day of October, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**